IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
9/4/2024
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

| | |
|---|---|
| JACQUELINE ANNE SALMON, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24-cv-00568 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOSEPH BIDEN ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

    Plaintiff Jacqueline Anne Salmon ("Salmon") filed this action against Defendant President Joseph Biden ("President Biden"), wherein she alleges that she was denied a tax refund by the Internal Revenue Service ("IRS") and is requesting monetary relief. This matter is before the court on Salmon's motion for leave to proceed *in forma pauperis* (ECF No. 2) and on initial review of her complaint (ECF No. 1). For the following reasons, the court will grant Salmon's motion, but must dismiss her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

    In her complaint, Salmon alleges that two former co-workers, "who are cyber cronies with the I.R.S. and their local office in Roanoke Virginia," harassed her and thereby denied her a tax refund for the year 2020. (Compl. at 4 [ECF No. 1].) Salmon seeks a tax refund of $2,000 along with five percent interest to compensate her denial. (*Id.*) Salmon names President Biden as the sole defendant in her complaint.

    For proceedings *in forma pauperis*, the court must dismiss a case if "at any time" it determines that the action "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). While a *pro se* complaint is to be construed liberally and held to less

- 2 -

stringent standards than pleading drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even read generously, Salmon's complaint fails on both fronts.

A suit for tax recovery "may be maintained only against the United States and not against any officer . . . ." 26 U.S.C § 7422(f)(1); *see also Nix El v. Internal Revenue Serv.*, 233 F. Supp. 3d 65, 67 (D.D.C. 2017) (finding same in *pro se* complaint for tax refund). At the outset, Salmon files her claim naming President Biden as the sole defendant. Since the United States, and not the President, is the only permissible defendant for her claim, her complaint is deficient on its face. Immunity also bars Salmon's claim against President Biden for monetary relief predicated on his official acts. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); 28 U.S.C. § 1915(e)(2)(B)(iii). Therefore, the court will dismiss her complaint without prejudice.

For the foregoing reasons, Salmon's motion to proceed *in forma pauperis* is **GRANTED** and the case is **DISMISSED**.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 4th day of September, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE